## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

WYNNWOOD CONDOMINIUM ASSOCIATION,

        Plaintiff,

        v.

LEANNE T. MALIN,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: CPU4-22-001873

Geena K. George, Esq.
The Law Office of Geena K. George
651 Valley Road
P.O. Box 1387
Hockessin, DE 19707
*Attorney for Plaintiff*

Curtis J. Crowther, Esq.
Ryan M. Messina, Esq.
Robinson & Cole LLP
1201 N. Market Street
Suite 1406
Wilmington, DE 19801
*Attorney for Defendant*

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Wynnwood Condominium Association ("Plaintiff") filed a civil debt action against Leanne T. Malin ("Defendant") alleging that Defendant failed to regularly pay the monthly condominium fees pursuant to the Condominium Declaration and the Code of Regulations governing residence of Wynnwood Condominiums.

Defendant filed a Counterclaim for Declaratory Judgment alleging that Plaintiff's purported amendment of the Wynwood Code of Regulations permitting

1

Plaintiff to charge residents late fees and interest on unpaid assessments was invalid as it did not comport with requirements set forth in both the Wynnwood Code of Regulations and the Declaration.

Plaintiff filed a Motion to Dismiss Defendant's Counterclaim arguing that contrary to Defendant's assertions, the validity of the amendment is governed by the Unit Property Act (the "UPA"), which supersedes the Wynnwood Regulations and the Declaration.

To survive a Motion to Dismiss pursuant to Ct. Com. Pl. Civ. R. 12(b)(6), the non-moving party must meet a relatively low threshold; that is, they must "plead enough facts to plausibly suggest that [it] will ultimately be entitled to the relief [sought]."[1] Importantly, all inferences will be construed in a light most favorable to the non-moving party.[2]

On February 24, 2023, the Court held a hearing on Plaintiff's Motion. The dispute between the parties concerns whether an amendment by the Wynnwood Council was validly enacted under Delaware Law and/or the Wynnwood Regulations and Declaration. At the motion hearing, both parties conceded that the amendment allowing the Association to charge interest and late fees was adopted by a vote of Wynnwood's Council during a regular meeting. Nevertheless,

---

[1] *Foxwell v. Gill*, 2016 WL 8650120, at *2 (Del. Com. Pl. Dec. 13, 2016).

[2] *Id.*

Plaintiff argues that the amendment enacted by the Council's vote is still valid as it was adopted in accordance with the UPA. Plaintiff states that "[Council's] authority to act under the [UPA] cannot be abrogated or limited by the Wynnwood Declarations or Regulations."[3]

Plaintiff's argument hinges on this Court finding that the Wynnwood Regulations and Declaration conflict with the UPA—a finding that is not supported by the documents presented in this case. Rather, I find that the UPA establishes the minimum standard for adopting amendments—not the maximum. The UPA provides that "[t]he Council has authority to make, alter, amend, and repeal the code of regulations, subject to the right of a majority of the unit owners to change any such actions."[4] A "majority" is defined as "more than 50 percent in the aggregate" of the unit owners.[5] Notably, the UPA does not prohibit an entity from establishing a higher standard to enact amendments.

Article X, section 9.2 of the Wynnwood Regulations provides that "the Council may from time to time amend the Code of Regulations, subject to the

---

[3] Plaintiff cites to *Rockford Park Condo. Council v. Biancuzzo*, CIVIL ACTION 6741, 1984 WL 19481, at *2 (Del. Ch. Sept. 20, 1984). The defendant in *Rockford* argued that the Rockford Park Condominium's code of regulations did not authorize its Council with the authority to establish rules prohibiting unit owners from installing wooden tiles in their units. The court in *Rockford* held that the Council had the authority to adopt a rule prohibiting the installation of wooden tiles both under the UPA and Rockford's code of regulations.

[4] 25 Del. C. § 2207.

[5] 25 Del. C. § 2202(9).

3

requirements for amendments set forth in the Declaration." Section 9.9(b) of the Declaration states that "...except as otherwise expressly provided, this Declaration may be amended upon the affirmative vote of sixty-seven percent (67%) or more of the total vote of all the unit owners. The Code of Regulations may be amended as therein provided *and* in accordance with the Unit Property Act."

It is clear from the language of that UPA that a majority vote of the unit owners, and not a majority vote of the council is what is required for an amendment. The Wynnwood Code of Regulations and the Declaration goes further, however, requiring an affirmative vote of sixty-seven percent (67%) or more of the total vote of all the unit owners. The amendment in question here was adopted by the Council during a regular meeting—it was never put to a vote of the unit owners. Therefore, at this stage of the litigation, the Court finds that Defendant has pled sufficient facts to suggest that she may be able to prevail on her counterclaim at trial.

Accordingly, Plaintiff's Motion to Dismiss Defendant's Counterclaim is DENIED. Defendant is granted leave to amend her Counterclaim.

**IT IS SO ORDERED**.

Bradley V. Manning,
Judge

April 18, 2023

cc:    Ms. Patricia Thomas, CCP Civil Case Manager

5